UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SPIGOT, INC., POLARITY
TECHNOLOGIES LTD., and
EIGHTPOINT TECHNOLOGIES
LTD.,

    Plaintiffs,

v.                               Case No: 2:18-cv-764-FtM-29NPM

JEREMY MATTHEW HOGGATT and
MEDIAVO, INC.,

    Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of defendants' Motion to Dismiss for Lack of Personal Jurisdiction or, Alternatively, for Failure to State a Claim Upon Which Relief Can Be Granted (Doc. #82) filed on December 3, 2019. Plaintiffs filed an Opposition (Doc. #83) on December 17, 2019. For the reasons that follow, the motion is denied as moot.

**I.**

In September 2018, plaintiffs Spigot, Inc., Polarity Technologies Ltd., and Eightpoint Technologies Ltd. initiated this action by filing a Complaint in the Twentieth Judicial Circuit in and for Lee County, Florida. (Doc. #5.) The Complaint asserts the following three claims against defendants Jeremy Hoggatt and Mediavo, Inc.: (1) misappropriate of confidential and proprietary

information and trade secrets under the Florida Uniform Trade Secrets Act, § 688.001, Fla. Stat.; (2) violation of Florida's Deceptive and Unfair Trade Practices Act, §§ 501.201-501.2101, Fla. Stat.; and (3) a claim for a preliminary injunction. (Id. pp. 22-26.)

In November 2018, defendants removed the matter to this Court on the basis of diversity jurisdiction. (Doc. #1.) In December 2018, defendants filed an initial motion to dismiss based on lack of personal jurisdiction and failure to state a claim. (Doc. #16.) Plaintiffs were granted several extensions to conduct jurisdictional discovery prior to filing a response. (Doc. ##18, 35, 49.) In September 2019, the Court determined that for efficiency purposes, the motion should be denied without prejudice until an on-going discovery dispute was settled. (Doc. #77.)

In December 2019, defendants filed the motion now before the Court, arguing that dismissal is proper because (1) the Court lacks personal jurisdiction over the defendants, (2) venue is improper in Florida, and (3) the plaintiffs fail to state any claim against the defendants. (Doc. #82, pp. 11-18.)

## II.

Having reviewed the allegations in the Complaint, the Court finds that it must be dismissed as a shotgun pleading.[1] Each of

---

[1] Given the Court's determination on this issue, defendants' arguments will be denied without prejudice. Defendants may re-

the three claims in the Complaint begins with the following language: "Plaintiffs restate and re-allege each and every foregoing paragraph of this Complaint as if fully set forth herein." (Doc. #5, ¶¶ 73, 84, 94.) Such language constitutes classic shotgun pleading. See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321 (11th Cir. 2015) (describing four types of shotgun pleadings, the most common of which "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"). Because the Complaint constitutes an improper shotgun pleading, it will be dismissed without prejudice. See Ditto v. JPMorgan Chase Bank, N.A., 234 F. Supp. 3d 1217, 1220 n.2 (S.D. Fla. 2017) ("Plaintiff incorporated each of the allegations in Count I into Count II—a classic example of shotgun pleading. . . . Even if Count II could survive in the absence of Count I, the Court would nevertheless be required to dismiss Count II without prejudice as an improper shotgun pleading."); zIT Consulting GmbH v. BMC Software, Inc., 2016 WL 231215, *2 n.3 (M.D. Fla. Jan. 15, 2016) (noting that the court was obligated to dismiss a shotgun pleading sua sponte); see also Vibe Micro, Inc. v. Shabanets, 878

---

raise these issues if plaintiffs file an amended complaint that cures the shotgun pleading deficiencies.

F.3d 1291, 1295 (11th Cir. 2018) ("In the special circumstance of non-merits dismissals on shotgun pleading grounds, we have required district courts to sua sponte allow a litigant one chance to remedy such deficiencies.").[2]

Accordingly, it is now

**ORDERED:**

1. The Complaint is **dismissed without prejudice** to filing an Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.

2. Defendants' Motion to Dismiss for Lack of Personal Jurisdiction or, Alternatively, for Failure to State a Claim Upon Which Relief Can Be Granted (Doc. #82) is **DENIED as moot.**

**DONE AND ORDERED** at Fort Myers, Florida, this ___9th___ day of January, 2020.

---

[2] Rather than rule on the personal jurisdiction issue at present, the Court has determined it is more appropriate to wait until the amended complaint is filed. The Court can then consider the sufficiency of the claims as part of its personal jurisdiction analysis. See (Doc. #5, ¶¶ 6-7) (alleging the Court has personal jurisdiction over the defendants in part based on "tortious acts" the defendants allegedly committed within Florida); Sloan v. Shatner, 2018 WL 3769968, *2 (M.D. Fla. June 22, 2018) ("To determine . . . whether personal jurisdiction exists over Shatner based on the commission of tortious acts, the threshold inquiry is whether the allegations of the Second Amended Complaint state a cause of action."). Plaintiffs may of course amend the allegations of personal jurisdiction as well as cure the pleading deficiencies.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record